UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA CASTANEDA-VELAZAQUEZ GADDIS,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE (INSURANCE) COMPANY, et al.,<br><br>Defendants. | No. 2:15-cv-275-JAM-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter was before the court on April 1, 2015, for hearing on motions to dismiss by defendants Fidelity National Title Insurance Company ("Fidelity") and Chicago Title Insurance Company ("Chicago"). ECF Nos. 4, 5.[1] Attorney Josette D. Johnson appeared on behalf of defendants Fidelity and Chicago and Attorney Bryan M. Kreft appeared on behalf of defendant First American. Plaintiff appeared pro se. Subsequent to the hearing, plaintiff filed a motion entitled "Judicial Request/Application for Reconsideration" and "Motion to Amend Statement of Jurisdiction," which she noticed for hearing on June 3, 2015.[2] ECF No. 20.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court construes this pleading as a motion to amend the complaint. That motion was ordered submitted without oral argument. ECF No. 28. For the reasons addressed below, it must be denied.

1

Also pending are plaintiff's motions to proceed *in forma pauperis* (ECF No. 2) and for an extension of time to effectuate service of process (ECF No. 18).

For the following reasons, plaintiff's request to proceed *in forma pauperis* is granted and her motion for an extension of time is denied. Further, it is recommended that defendants' motions to dismiss be granted and plaintiff's motion to amend be denied.

I.  Motion to Proceed *In Forma Pauperis*

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. ECF No. 2. Her declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *Id.* Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. §1915(a). However, as addressed below, the complaint must be dismissed for lack of subject matter jurisdiction.

II.  Background

The complaint alleges that plaintiff is the second wife and widow of John Pinkerton Gaddis. ECF No. 1 at 4.[3] Plaintiff claims that she was married to Mr. Gaddis from April 28, 1980 to his death on February 3, 1994. *Id.* She asserts that after Mr. Gaddis' death, plaintiff discovered that her husband had previously owned a 50 percent share in 800 acres of real property in Fresno County ("subject property"). *Id.* A deed dated March 1978 named Mr. John P. Gaddis and Mr. Shane Mark Woolsey as the owners of the subject property. *Id.* at 5. Plaintiff also discovered a "Policy of Title Insurance" from Western Title Company dated September 15, 1978. *Id.* at 4.[4]

Plaintiff acknowledges that before her marriage to Mr. Gaddis, he had in 1980 already assigned his interest in the subject property to another party. ECF No. 1 at 5. However, plaintiff asserts that she discovered a Deed of Reconveyance, notarized and recorded in March of 1986, and issued by Western Title Insurance Company which names Mr. John P. Gaddis as a trustor.

---

[3] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

[4] According to plaintiff, Western Title Company was later absorbed by Fidelity, which then merged with Chicago. *Id.*; ECF No. 16 at 4-5.

2

*Id.* Plaintiff appears to conclude from this that Mr. Gaddis' 50 percent interest in the subject property was reinstated to him by the Deed of Reconveyance, and that upon his death she inherited his interest through intestate succession.  With that underlying premise, plaintiff purports to assert a breach of contract claim against all defendants, apparently based on the title insurance policy.  ECF No. 7 at 7-8.

Defendants move to dismiss arguing that the court lacks subject matter jurisdiction and that the complaint fails to state a claim for relief.  Defendants Fidelity and Chicago further argue that this court has no personal jurisdiction over them based on plaintiff's failure to properly serve defendants with a summons.[5]  ECF No. 4 at 5.  As explained below, this action must be dismissed for lack subject matter jurisdiction.[6]

III.    Defendants' Motions to Dismiss

Plaintiff asserts state law breach of contract claims but has not established that this court has over those claims.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Id.*, 511 U.S. at 376-78.  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  "When subject matter

---

[5] The motion attacking sufficiency of service is not well taken.  Service of process in this case is dependent upon an order granting plaintiff's request to proceed *in forma pauperis.*  Upon granting of *in forma pauperis* status, and where screening of the complaint reveals a potentially cognizable claim, the U.S. Marshal is instructed to complete service of process.  Here, defendants moved to dismiss this action prior to the court ruling on the *in forma pauperis* application and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).

[6] Plaintiff filed oppositions to both motions, and defendants filed reply briefs.  ECF Nos. 7, 10, 11, 14.  Plaintiff also submitted, without prior approval of the court, sur-replies, which were considered in resolving the pending motions.  ECF Nos. 16, 17.

jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citing *Stock West, Inc. v. Confederation Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). Plaintiff's complaint does not contain any claim that arises under federal law. Rather, her complaint is based on a state law breach of contract theory and predicates jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. She argues that diversity jurisdiction is established because she is a citizen of California and defendant Chicago is a citizen of Nebraska. ECF No. 7 at 6. As discussed below, she overlooks the citizenship of Fidelity, a California defendant.

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Although plaintiff relies on defendant Chicago being a non-citizen of California, she fails to take account of Fidelity. Attached to plaintiff's complaint are records from the California Secretary of State which show that defendant Fidelity is citizen of California.[7] ECF No. 1 at 73. Because plaintiff and Fidelity are both citizens of California, complete diversity does not exist and diversity jurisdiction is lacking. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (section 1332 requires complete diversity between all plaintiffs and all defendants).

Plaintiff asserts a fall back argument in her opposition that federal question jurisdiction is available pursuant to 28 U.S.C. § 1331. She is mistaken here, as well. Nowhere in her complaint does she articulate or even suggest a legally cognizable federal question claim. While she alludes

---

[7] Lack of jurisdiction may be established "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 277 F.3d 1214, 1242 (9th Cir. 2000)). Here, the attachments to plaintiff's complaint are part of the complaint itself. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) ("court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint.").

to an antitrust claim in one of her sur-reply briefs, ECF No. 16 at 4, her complaint does not allege an antitrust violation.  Nor does it contain any facts that could conceivably support such a claim. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question).  Further, it is apparent from the facts alleged in the complaint she premises the defendants' liability on her claim that the have breached a contractual obligation, not any duty or claim arising under federal law.[8]

As plaintiff has failed to allege a federal claim for relief, this court lacks federal question jurisdiction and cannot establish complete diversity of citizenship, the complaint must be dismissed.[9]

Further, leave to amend the complaint would be futile.  Plaintiff cannot establish diversity jurisdiction in this action as both plaintiff and defendant Fidelity are California citizens.  Further, plaintiff's factual allegations demonstrate that this action involves, at most, an allegation of a breach of contract under state law.  Accordingly, the complaint should be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.").

IV.     Plaintiff's Motion to Amend

Plaintiff's April 10, 2015 filing, styled as a "Judicial Request/Application for Reconsideration " and "Motion to Amend Statement of Jurisdiction," argues that this case involves claims brought under federal law.  ECF No. 20 at 4-5.  The complaint makes no such claim.  Therefore, the court construes the filing as a motion for leave to amend.  Rule 15(a) permits a plaintiff to amend her complaint once as a matter of course within 21 days after services of an answer or a motion brought under Rule 12(b).  Fed. R. Civ. P. 15(a)(1).  "In all other cases,

---

[8] Plaintiff has not remotely articulated facts, which if true, suggest a cognizable antitrust claim arising from the title insurance policy on the deed of reconveyance.

[9] Given the absence of subject matter jurisdiction, the court does not further address defendants' other arguments.

a party may amend its pleading only with opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants filed their motions to dismiss on February 24, 2015 and February 25, 2015. ECF Nos. 4, 5. Plaintiff did not move to amend her complaint until April 10, 2015, well beyond the 21 days provided in Rule 15(a). Therefore, she is not permitted to amend her compliant as a matter of course and must obtain leave of the court.

A "court should freely give leave when justice so requires." *Id*. The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

As addressed above, amendment would be futile. While plaintiff argues that this dispute involves claims under federal law, ECF No. 20 at 4-5, she has yet to identify any cognizable federal claim. She advances in her April 10 filing an argument that the subject property is an "agricultural preserve" under the jurisdiction of the United States Department of Agriculture and United States Department of Commerce (*id*. at 2, 4), but fails to explain how this allegation would confer this court jurisdiction over her state law breach of contract claim of her inheritance claim. Plaintiff also argues that this case involves a federal question because the subject property is registered under the "Williamson Act." *Id*. at 4. That act was enacted by the State of California and does not confer federal question jurisdiction. *See* Cal. Gov't Code § 51200. Thus, plaintiff's

/////

/////

/////

6

motion to amend fails to demonstrate that amendment of the complaint could properly invoke federal question jurisdiction over this action. Accordingly, the motion to amend must be denied.[10]

V.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted; and

2. Plaintiff's motion for extension of time to serve summons, ECF No. 18, is denied as moot.

Further, it is RECOMMENDED that:

1. Defendants' motions to dismiss, ECF Nos. 4, 5, be granted;

2. Plaintiff's complaint be dismissed without leave to amend;

3. Plaintiff's motion to amend, ECF No. 20, be denied; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[10] In light of the recommended disposition, plaintiff's motion for extension of time to serve summons is moot.