UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA CASTANEDA-VALAZAQUEZ GADDIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY NATIONAL TITLE (INSURANCE) COMPANY, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-275-JAM-EFB PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

This case was dismissed action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[1]  ECF Nos. 29, 36.  Plaintiff has since filed a motion entitled "Motion: For New Trial ('Trial De Novo')," ECF No. 39, and an "Amended/Revised Notice of Motion," ECF No 42.  Her motion cites to both Rules 59 and 60, ECF No. 39 at 3-8, and seeks reconsideration of the order of dismissal.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

[2] The court has determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for November 4, 2015, ECF No. 42, is hereby vacated.  E.D. Cal. L.R. 230(g).

1

    Although plaintiff's motion cites to both Rules 59 and 60, she is not entitled to relief under either rule. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The United States Court of Appeals for the Ninth Circuit has identified four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to present newly discovered or previously unavailable evidence, (3) to apply an intervening change in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (per curiam and en banc). A district court has considerable discretion in ruling on a motion brought pursuant to Rule 59(e). *Id*. "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). When seeking reconsideration, a party is not permitted to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*.

    Rule 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b) (1). Local Rule 230(j) provides that a motion for reconsideration must set forth the facts and circumstances surrounding the motion, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

    Here, plaintiff's motion fails to meet the standards under Rules 59(e) and 60(b). She has not identified any errors in law, any newly discovered evidence, an intervening change in law, or a manifest injustice. Nor has she shown any mistake, inadvertence, surprise, or excusable neglect. Instead, she rehashes several arguments already raised in her opposition to defendants' motions to dismiss and her objections to the June 24, 2015, findings and recommendations, that the action be dismissed; arguments previously considered and rejected by the court.[3]

---

[3] In her motion, plaintiff claims that her due process rights are being violated because she is being "blocked" from reviewing transcripts of a hearing held before the court on April 1, 2015.

Furthermore, aside from plaintiff's failure to satisfy the standards for relief under Rule 59(e) and 60(b), plaintiff's motion fails to provide any basis for establishing the court's subject matter jurisdiction.[4]

Accordingly, it is ORDERED that the November 4, 2015 hearing on plaintiff's motion for reconsideration is vacated.

Further, it is RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 39, 42) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 2, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

ECF No. 39 at 17-18.  The transcripts for that hearing, which appears at ECF No. 38 on the court's docket, may be viewed at the court public terminal located at the court clerk's office.

[4] Plaintiff, apparently aware of the jurisdictional hurdle, asks the court to remand her case to state court if the "United States District Court-Eastern District is actually the incorrect jurisdiction."  ECF No. 39 at 20.  This case, however, was originally filed in this court and not removed from state court.  Accordingly, the court cannot remand the matter to state court.